# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *ex rel.* DARLENE TUCKER, | § | |
|     Plaintiff, | § | |
| | § | CIVIL ACTION NO. 09-1819 |
| v. | § | |
| | § | |
| CHRISTUS HEALTH, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This *qui tam*[1] case, involving alleged violations of the False Claims Act ("FCA"), is before the Court on the Motions to Dismiss for Lack of Personal Jurisdiction and Improper Venue filed by Defendants Southern Regional Health System, Inc. ("Southern Regional") [Doc. # 61] and Southern Crescent Hospital for Specialty Care, Inc. ("Southern Crescent") [Doc. # 62], to which Relator Darlene Tucker filed a Response [Doc. # 77], and Defendants filed Replies [Docs. # 85 and # 86]. Also pending are Motions to Dismiss filed by Southern Regional [Doc. # 63], Christus Health ("Christus") [Doc. # 64], and Dubuis Health System, Inc. ("Dubuis")

---

[1]     "Qui tam" is a shortened version of "*qui tam pro domino rege quam pro se ipso in hac parte sequitur,* which means "who as well for the king as for himself sues in this matter." *U.S. ex rel Grubbs v. Kanneganti,* 565 F.3d 180, 184 n.5 (5th Cir. 2009) (citing Black's Law Dictionary 1262 (7th ed.1999)).

[Doc. # 67].  Relator filed a Response to Southern Regional's Motion [Doc. # 79] and Southern Regional filed a Reply [Doc. # 83].  Relator filed a consolidated Response [Doc. # 78] to the Motions filed by Christus and Dubuis, and Christus and Dubuis filed separate Replies [Docs. # 82 and # 84].[2]

The Court has carefully reviewed the full record and the applicable legal authorities.  Based on this review, the Court concludes that it has personal jurisdiction over all Defendants, that venue in this district is proper, and that Relator has adequately alleged her claims under the FCA.  Consequently, all pending motions are **denied**.

## I.     BACKGROUND

Plaintiff alleges that she was employed by Southern Crescent Personnel in 2005, by Wesley Medical Staff in 2007, and directly by Christus and Dubuis in 2008 as a registered nurse working at Southern Crescent, a Long Term Care Hospital ("LTCH") in Georgia.  There is no allegation that Plaintiff ever worked in Texas.

Medicare classifies medical facilities as LTCHs if, *inter alia*, the facility has an average Medicare inpatient length of stay of greater than 25 days.  Only medically

---

[2]     Relator also filed a Motion to Strike Materials Outside the Pleadings [Doc. # 87], asking the Court to strike materials attached to Christus's Reply.  Because the Court has based its decision on the Motions to Dismiss solely on the pleading and documents referenced therein, *see Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000), the Motion to Strike is **denied as moot**.

necessary inpatient days are reimbursed by Medicare. Similarly, only medically necessary inpatient days are used to calculate the average Medicare inpatient length of stay.

Plaintiff filed this *qui tam* lawsuit alleging that Defendants violated the FCA by submitting false claims to Medicare and other government healthcare agencies. The false claims allegedly included charges for (1) improperly extended patient stays beyond the time treatment was medically necessary in order to increase the reimbursement amount; (2) improperly extended patient stays beyond the time treatment was medically necessary in order to maintain classification as an LTCH; (3) patients who were admitted even though they did not require medically necessary "specialty" care or treatment; (4) equipment such as ventilators and IV/feeding tubes that were no longer medically necessary; and (5) medical procedures that could have been performed earlier but were delayed to increase the charges.

The United States declined to intervene. Plaintiff filed a Second Amended Complaint and has since dismissed her claims against several Defendants. The only remaining Defendants are Southern Regional, Southern Crescent, Christus, and Dubuis. Plaintiff alleges that she worked at Southern Crescent's medical facility in Georgia through a staffing company between 2003-2007. Plaintiff alleges that she worked directly for Christus at the Southern Crescent facility beginning in 2008.

Plaintiff alleges that the Southern Crescent facility was operated by Dubuis, a wholly-owned subsidiary of Christus.  Plaintiff alleges that Southern Regional also owned, operated, and/or managed the Southern Crescent facility.

The four remaining Defendants have filed Motions to Dismiss.  The Motions have been fully briefed and are ripe for decision.

## II.  <u>PERSONAL JURISDICTION AND VENUE MOTIONS</u>

Defendants Southern Regional and Southern Crescent, both citizens of Georgia, have moved to dismiss for lack of personal jurisdiction and improper venue.  There is no allegation or evidence that either of these two Defendants has ever conducted business in Texas.

Christus and Dubuis are both citizens of Texas, and Dubuis has its principal place of business in the Southern District of Texas.  Neither of these two Defendants challenges personal jurisdiction or venue.

### A.  <u>Personal Jurisdiction</u>

The FCA provides for nationwide service of process.  *See* 31 U.S.C. § 3732(a). Where, as here, the federal statute at issue authorizes nationwide service of process, the district court has personal jurisdiction over any party having minimum contacts with the United States.  *See Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994) (holding that "when a federal court is attempting to

exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant has had minimum contacts with the United States"); *see also Trust Co. v. N.N.P. Inc.*, 104 F.3d 1478, 1486-87 (5th Cir. 1997) (holding that, because the Securities Exchange Act of 1934 provides for nationwide service of process, the district court had personal jurisdiction over any defendant who had "sufficient contacts with the United States"); *Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Mich.*, 97 F.3d 822, 825-26 (5th Cir. 1996); *Luallen v. Higgs*, 277 F. App'x 402, 404-05 (5th Cir. May 2, 2008).

In this case, it is undisputed that Defendants Southern Regional and Southern Crescent are citizens of and do business in the state of Georgia, within the United States. As a result, for purposes of Relator's FCA claims, this Court has personal jurisdiction.

Defendants Southern Regional and Southern Crescent argue that the exercise of personal jurisdiction by this Court in the Southern District of Texas violates the due process clause. Where, as here, the relevant federal statute provides for nationwide service of process, "the due process concerns of the Fifth Amendment are satisfied. Given that the relevant sovereign is the United States, it does not offend traditional notions of fair play and substantial justice to exercise personal jurisdiction over a

defendant residing within the United States." *Busch*, 11 F.3d at 1258 (citing *Burnham v. Superior Court of Calif.*, 495 U.S. 604, 620 (1990)).

### B.   <u>Venue</u>

Defendants Southern Regional and Southern Crescent argue that venue in the Southern District of Texas is improper under 28 U.S.C. § 1391(b).   The FCA provides, however, that any action thereunder "may be brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business . . .."  31 U.S.C. § 3732(a); *see also Scott v. Metropolitan Health Corp.*, 234 F. App'x 341, 345 (6th Cir. Apr. 3, 2007) (holding that "the substance and structure of § 3732(a) indicate clearly that that provision governs venue"); *U.S. ex rel. Thistlethwaite v. Dowty Woodville Polymer, Ltd.*, 110 F.3d 861, 866 (2d Cir.1997).  Because it is undisputed that Defendant Dubuis resides and transacts business in this district, venue here is proper pursuant to § 3732(a) for purposes of Relator's FCA claims.

### III.   <u>RULE 9(b) AND RULE 12(b)(6) MOTIONS</u>

Defendants Southern Regional, Christus, and Dubuis have moved to dismiss Relator's Second Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Additionally, these three Defendants have moved to dismiss the Second Amended Complaint for failure to satisfy the

heightened pleading requirements of Rule 9(b), which apply to Relator's FCA claims. *See, e.g., United States ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 328 n.9 (5th Cir. 2011) (citing *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.,* 125 F.3d 899, 903 (5th Cir. 1997)).

## A.   <u>Applicable Standards</u>

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted.  *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.  *Id.*  The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief.  *Id.* at 1950.

To state a claim under the FCA, Relator must allege four essential elements: (1) Defendant presented or caused to be presented to the United States a claim for payment or approval; (2) the claim was false or fraudulent; (3) Defendant acted knowingly or with deliberate ignorance or in reckless disregard concerning the truth

of the information contained in the claim presented; and (4) damages resulted.  *See*

*Arnold v. U.S.*, 180 F.3d 265, *2 (5th Cir. May 6, 1999) (citing 31 U.S.C. § 3729(a)).

Rule 9(b) requires "that a plaintiff set forth the 'who, what, when, where, and

how' of the alleged fraud."  *United States ex rel. Steury v. Cardinal Health, Inc*., 625

F.3d 262, 266 (5th Cir. 2010).  "Because the linchpin of an FCA claim is a false claim,

the 'time, place and contents of the false representations, as well as the identity of the

person making the misrepresentation and what that person obtained thereby' must be

stated in a complaint alleging violation of the FCA in order to satisfy Rule 9(b)."

*United States ex rel. Rafizadeh v. Continental Common, Inc*., 553 F.3d 869, 873 (5th

Cir. 2008) (internal quotations and citation omitted).  While fraud must be plead with

particularity, it "may be pleaded without long or highly detailed particularity."  *Guidry*

*v. United States Tobacco Co.*, 188 F.3d 619, 632 (5th Cir. 1999).  Additionally, for

FCA claims, Rule 9(b) must be applied in a manner that achieves the remedial purpose

of the statute.  *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir.

2009).  The rule is applied in a "context-specific and flexible" manner.  *Id.*  "It is

adequate to allege that a false claim was knowingly presented regardless of its exact

amount; the contents of the bill are less significant because a complaint need not

allege that the Government relied on or was damaged by the false claim."  *Id.* at 189.

A relator's complaint may "survive by alleging particular details of a scheme to

submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Id.* at 190.

### B.   Analysis

Relator adequately states her claims for relief under the FCA.  Plaintiff alleges that Defendants presented Medicare claims to the United States, or caused them to be presented.  *See, e.g.,* Second Amended Complaint, ¶¶ 74 ("Defendants fraudulently billed Medicare"), 75, 76, 78 ("Administrator Crawford admitted to the Relator that the Defendants were improperly billing Medicare"), 84, 88, 89, 90.  Relator alleges that the bills submitted to Medicare were false and/or fraudulent, and explains how they were false and/or fraudulent with specific examples.  *See id.*, ¶¶ 57 ("Defendants presently continue to fraudulently bill Medicare and other government healthcare programs for ventilators placed on 'standby' in patients' rooms and for periods longer than called for by their so-called 'standby' policy"), 58 ("Defendants also fraudulently bill for other services and equipment, including IV and feeding pumps that are intentionally left in patients' rooms when they are no longer in use by, or medically necessary for, patients"), 72 ("Defendants have engaged in a pattern and practice of knowingly and fraudulently billing Medicare . . . for days of patient lengths of stay where the patients no longer require medically necessitated treatment/care by the LTCH").  Relator has adequately alleged that Defendants acted knowingly.  *See id.*,

¶ 39 (Case Manager stated "I hope Medicare doesn't audit this chart or we won't get paid"), 60 (Central supply clerk improperly billing for equipment "left in a patient's room regardless of whether the equipment is in use"), 61 (Administrator directed clerk to "charge for whatever [equipment] she sees" when making rounds).  Relator clearly has alleged resulting damages.  *See id.*, ¶ 34 ("Defendants have overbilled Medicare by tens-of-millions of dollars").

Relator has satisfied the requirements of Rule 9(b).  She identifies by name individuals who participated in submitting the false claims to Medicare, and she describes the manner in which the Medicare billing was false and/or fraudulent.  She specifies the time period during which the false claims were submitted to Medicare.  She provides specific examples of each category of fraudulent billing, and explains that Defendants received millions of dollars thereby.  Relator does not identify each false bill by date and patient name, nor does she identify each individual who participated in submitting the false bills to Medicare.  Her allegations, however, are adequately particular to survive Defendants' Motion to Dismiss pursuant to Rule 9(b).

Defendants argue that Relator has inadequately asserted FCA claims against each Defendant individually.  To the extent possible without discovery, Relator has adequately alleged the complicated relationship among the four remaining Defendants.  Additionally, certain allegations are against only certain Defendants,

while others are asserted against Defendants as a group.  The allegation that Defendants are inter-related and that they acted together does not alone require dismissal under Rule 9(b).  *See Gammon v. J.W. Steel & Supply, Inc.*, 2006 WL 2505631, *1 (S.D. Tex. Aug. 28, 2006) (Rosenthal, J.).

The Court concludes that Relator has adequately alleged her FCA claims against the moving Defendants.  "Whether a preponderance of the evidence supports these allegations, and whether justice and fairness will ultimately require that the Court pierce the corporate veil, is fact-intensive, and thus an issue to be decided later." *United States ex rel. Dekort v. Integrated Coast Guard Sys.*, 705 F. Supp. 2d 519, 547 (N.D. Tex. 2010).

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that it has personal jurisdiction over all Defendants, that venue in this district is proper, and that Relator has adequately alleged her FCA claims.  Accordingly, it is hereby

**ORDERED** that Southern Regional's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue [Doc. # 61], Southern Crescent's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue [Doc. # 62], Southern Regional's Motion to Dismiss for Failure to Plead Fraud with Particularity, for Failure to State a Claim Upon Which Relief Can Be Granted, and for Lack of Subject Matter

Jurisdiction [Doc. # 63], Christus Health's Motion to Dismiss [Doc. # 64], and Dubuis's Motion to Dismiss [Doc. # 67] are **DENIED**.  It is further

ORDERED that Relator's Motion to Strike [Doc. # 87] is **DENIED AS MOOT**.

The case remains scheduled for a conference on **November 5, 2012, at 1:00 p.m.**

SIGNED at Houston, Texas, this **23rd** day of **October, 2012**.

Nancy F. Atlas
United States District Judge